OPINION
{¶ 1} This is an accelerated calendar appeal, submitted on the briefs of the parties, taken from a final judgment of the Willoughby Municipal Court, wherein appellant, David Pavlisin, was found guilty of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), after his suppression motion was denied.
{¶ 2} The following facts were adduced at the suppression hearing. At approximately 12:25 p.m., on June 30, 2001, Patrolman David Koehnle ("Patrolman Koehnle") of the Eastlake Police Department received a call through dispatch stating that the female resident of 259 Courtland Boulevard had reported that a suspicious vehicle with two male occupants was stopped in her driveway without her permission.
{¶ 3} Patrolman Koehnle testified that he and Officer Tanner responded to the trespass complaint in two marked police cruisers. On the way to the complainant's residence, Officer Koehnle observed a vehicle matching the one described by dispatch traveling northbound on Courtland Boulevard. He verified that it was the same vehicle by comparing the license plate number.
{¶ 4} Patrolman Koehnle testified that he initiated a stop of the vehicle, advised appellant that he was stopped because a complainant reported that appellant's vehicle was stopped in her driveway without her permission, and then proceeded to question appellant. The officer testified that as he spoke to appellant, he officer smelled a strong odor of alcohol, observed that his eyes were glossy, and his speech was slurred. Further, when asked if he had consumed any alcoholic beverages, appellant responded, "a couple of beers." At this time, the officer had a reasonable suspicion warranting a request to perform field sobriety tests. Appellant refused to do so.
{¶ 5} The mere odor of alcohol, glassy eyes, slurred speech, and/or other indicia of the use of alcohol, by a driver are, in and of themselves, insufficient to constitute probable cause to arrest; however, based on the totality of the circumstances surrounding an arrest, probable cause may exist beyond the mere appearance of drunkenness. See City of Cleveland v. Duckworth, 8th Dist. No. 80888, 2002-Ohio-3448, at ¶ 16. "Cumulative facts and circumstances sufficient to justify a prudent person's belief that an offense has been committed will support a finding of probable cause for an arrest." Cityof Brookpark v. Seidner (Nov. 12, 1998), 8th Dist. No. 73648, 1998 Ohio App. LEXIS 5408, at *8. When determining whether an officer had probable cause to make an arrest, a court must consider whether, at the moment the arrest was made, the police had reasonably trustworthy information, sufficient to warrant a prudent man in believing that the suspect was driving under the influence. See Beck v. Ohio (1964), 379 U.S. 89, 91. This determination is based upon the totality of facts and circumstances surrounding the arrest. Id.
{¶ 6} Under the totality of the facts and circumstances in this case, the trial court determined that the police had probable cause to arrest appellant for driving under the influence of alcohol. Appellant was cited for driving while under the influence of alcohol, improper license plates, and failure to wear a safety belt. The crux of appellant's argument is that the officer was not justified in initiating a stop of the vehicle.
{¶ 7} After entering a plea of not guilty to the charges, appellant filed a motion to dismiss, or in the alternative, to suppress all the evidence obtained as a result of the arrest on the basis that no probable cause existed to arrest appellant. Following a hearing, the trial court denied appellant's motion.
{¶ 8} A bench trial was held, on October 9, 2001, and appellant was found guilty of driving under the influence of alcohol and driving with an improper license plate. He was, however, found not guilty of the seat belt offense. Appellant's sentence was stayed pending the outcome of this appeal.
{¶ 9} Appellant raises the following assignment of error:
 {¶ 10} "[t]he trial court failed to grant defendant-appellant David Pavlisin's Motion to Dismiss/Suppress, i.e., the police had no probable cause to make an arrest."
{¶ 11} Although appellant's assignment of error frames the issue as whether the police had probable cause to arrest, he only argues that the telephone tip lacked any indicia of reliability. Therefore, we will limit our analysis to whether the police had a reasonable suspicion that justified stopping appellant.
{¶ 12} In his sole assignment of error, appellant argues that the police had no reason to suspect that any illegal conduct had occurred or was about to occur because the term "suspicious vehicle," used by the informant, is a term of art, not a specific crime. Appellant also argues that Florida v. J. L. (2000), 529 U.S. 266, a case which the trial court distinguished and determined to be inapplicable, is pertinent to the case sub judice.
{¶ 13} Florida v. J. L., supra, involved an anonymous telephone tip. Because the informant herein is not anonymous, the holding inFlorida v. J.L. is inapplicable.
{¶ 14} Appellee argues that the telephone informant was an identified citizen informant and that, based on the contents of the tip, the police had a reasonable suspicion appellant was engaged in criminal activity, i.e. criminal trespass. Thus, the sole issue presented for our review is whether the police had a reasonable suspicion to stop appellant based solely on the informant's tip.
{¶ 15} At a hearing on a motion to suppress, the trial court functions as the trier of fact and, thus, is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. See State v. Mills (1992), 62 Ohio St.3d 357,366. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Retherford
(1994), 93 Ohio App.3d 586, 592. After accepting the trial court's findings of fact, the appellant court must independently determine, as a matter of law, whether the applicable legal standard has been satisfied. Id.
{¶ 16} "[W]here an officer making an investigative stop reliessolely upon dispatch, the state must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity." (Emphasis sic.) City of Maumee v.Weisner (Dec. 22, 1999), 87 Ohio St.3d 295, 298. In the instant case, it is undisputed that appellant was stopped solely because of the call from dispatch and not because appellant's driving gave rise to a suspicion of driving under the influence of alcohol. Therefore, we must determine whether the facts, which came solely from an informant's tip, were sufficient to create a reasonable suspicion justifying a stop.
{¶ 17} "Where, as here, the information possessed by the police before the stop stems solely from an informant's tip, the determination of reasonable suspicion will be limited to an examination of the weight and reliability due that tip." Id. at 299. The appropriate analysis is whether the tip has a sufficient indicia of reliability to justify an investigative stop. Id. When determining the reliability of the tip, the court should consider the informant's veracity, reliability, and the basis of his or her knowledge. Id. at 300. Further, in its assessment of these factors, the court should categorize the informant based on the following three classes of informants: "the anonymous informant, the known informant, (someone from the criminal world, who has provided previous reliable tips), and the identified citizen informant." Id. at 301.
{¶ 18} The trial court correctly determined that the informant in this case was an identified citizen informant. Although Patrolman Koehnle was unable to locate the informant's name from his report at the suppression hearing, he identified the informant as the female resident of 259 Courtland Boulevard. Further, the officer testified that he was "sure that they've got [her name] entered in the CAT system." The telephone informant provided identifying information including her address, and, therefore, was not anonymous to either the investigating officer or the dispatcher.
{¶ 19} In the instant case, the telephone informant reported that she observed a suspicious vehicle with two males, who were possibly intoxicated, parked in her driveway without her permission. She accurately described the vehicle and its license plate number.
{¶ 20} "[I]nformation from an ordinary citizen who personally observed what appears to be criminal conduct carries with it an indicia of reliability and is presumed to be reliable." Id. at 300. The telephone informant provided accurate information, which was verified by Patrolman Koehnle, who testified that the informant's description of both the vehicle and the license plate number was correct.
{¶ 21} Patrolman Koehnle also verified that appellant and another male had stopped in the informant's driveway, just as she had reported to dispatch. The officer attested that appellant told him that he and a friend had stopped in the complainant's driveway, gotten out of the car, and unloaded the friend's bicycle. Accordingly, we conclude that the informant's tip was reliable.
{¶ 22} Having determined that the informant was reliable, we must determine whether the telephone informant's tip gave rise to a reasonable suspicion of criminal activity, i.e. criminal trespass. Pursuant to R.C.2911.21(A)(1), no person, without privilege to do so, shall enter or remain on the land or premises of another. In this case, the informant called the police immediately upon witnessing a suspicious vehicle, with two males inside, stopped in her driveway without permission. We conclude that the telephone tip gave rise to a reasonable suspicion that appellant was engaged in the crime of criminal trespass.
{¶ 23} Although Patrolman Koehnle testified that he was investigating a report of a "suspicious vehicle," which, in and of itself, is not a crime, he stated that if the vehicle were parked in the complainant's driveway and she wanted to proceed with charges, it would be a crime. These facts persuade us that the informant's tip gave rise to a reasonable suspicion of illegal activity, to wit: criminal trespass.
{¶ 24} Based on the foregoing, the judgment of the Willoughby Municipal Court is hereby affirmed.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J., concur.